WILLIAM E. ADAMS #153330
SHARRON W. GELOBTER #226936
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: wadams@fablaw.com; sgelobter@fablaw.com

Attorneys for PETER TSAKANIKAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| SPYROS ECONOMIDES<br><br>Plaintiff,<br><br>vs.<br><br>PETER TSAKANIKAS, and DOES 1 through XXV,<br><br>Defendant, | Case No.: C07-06335 EDL<br><br>**ANSWER OF DEFENDANT PETER TSAKANIKAS TO COMPLAINT** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Peter Tsakanikas ("Tsakanikas" or "Defendant") answers the Complaint of Spyros Economides ("Economides" or "Plaintiff") by admitting, denying, and averring, and by denying each and every allegation not expressly admitted, as follows:

**FIRST CAUSE OF ACTION**

1. With regard to paragraph 1, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 1 of the Complaint.

2. With regard to paragraph 2, Defendant admits that Plaintiff is a college professor employed by California State University East Bay, in the Department of Management and Finance located in the City of Hayward, County of Alameda and at all times mentioned in the

Complaint resided in the City of Berkeley, Alameda County, California. Except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 2 of the Complaint.

3. With regard to paragraph 3, Defendant admits that at all times alleged in the complaint he was a resident of Tucson, Arizona.

4. With regard to paragraph 4, Defendant admits that SEPT, LLC is a Nevada corporation formed and organized by Plaintiff and himself to acquire and own share so stock in Callkey, Ltd. an Isle of Man Corporation engaged in the telecommunications business.

5. With regard to paragraph 5, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 5 of the Complaint.

6. With regard to paragraph 6, Defendant admits that he and Plaintiff were introduced in the spring of 2002 by a friend and colleague of Plaintiff's, Nikos Panopoulos ("Panopoulos"), a former U.C. Berkeley professor at the University of Crete, Greece, Department of Plant Pathology. Defendant further admits that he and Panopoulos were shareholders in Enviro Europa, an environmental consulting firm based in Salonika, Greece.

7. With regard to paragraph 7, Defendant admits that after being introduced to Plaintiff and speaking a number of occasions about cooperating and investing in environmental projects they traveled to China to solicit environmental business and were unable to obtain contracts. As to the remainder of Plaintiff's contentions in this paragraph, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of those allegations, and except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 7 of the Complaint.

8. With regard to paragraph 8, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 8 of the Complaint.

9. With regard to paragraph 9, Defendant admits to meeting with the principals of

1  Callkey, Ltd. at the office of Enviro Engineering in Tucson, Arizona. Except as expressly
2  admitted, Defendant denies each and every remaining allegation contained in paragraph 9 of the
3  Complaint.
4      10. With regard to paragraph 10, Defendant states that he is without sufficient
5  knowledge or information to form a belief as to the truth of the allegations contained in this
6  paragraph, and on that basis denies each and every allegation contained in paragraph 10 of the
7  Complaint.
8      11. With regard to paragraph 10.1, Defendant states that he is without sufficient
9  knowledge or information to form a belief as to the truth of the allegations contained in this
10 paragraph, and on that basis denies each and every allegation contained in paragraph 10.1 of the
11 Complaint.
12     12. With regard to paragraph 10.2, Defendant states that he is without sufficient
13 knowledge or information to form a belief as to the truth of the allegations contained in this
14 paragraph, and on that basis denies each and every allegation contained in paragraph 10.2 of the
15 Complaint.
16     13. With regard to paragraph 10.3, Defendant states that he is without sufficient
17 knowledge or information to form a belief as to the truth of the allegations contained in this
18 paragraph, and on that basis denies each and every allegation contained in Paragraph 10.3 of the
19 Complaint.
20     14. With regard to paragraph 10.4, Defendant admits that the Board of Directors of
21 Callkey, Ltd. had agreed to form a subsidiary based in Tucson, Arizona, called Callkey, Inc. and
22 had appointed him as its Chief Executive Officer.
23     15. With regard to paragraph 10.5, Defendant states that he is without sufficient
24 knowledge or information to form a belief as to the truth of the allegations contained in this
25 paragraph, and on that basis denies each and every allegation contained in paragraph 10.5 of the
26 Complaint.
27
28

16. With regard to paragraph 10.6, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.6 of the Complaint.

17. With regard to paragraph 10.7, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.7 of the Complaint.

18. With regard to paragraph 10.8, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.8 of the Complaint.

19. With regard to paragraph 10.9, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.9 of the Complaint.

20. With regard to paragraph 10.10, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.10 of the Complaint.

21. With regard to paragraph 10.11, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 10.11 of the Complaint.

22. With regard to paragraph 11, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this

paragraph, and on that basis denies each and every allegation contained in paragraph 11 of the Complaint.

23. With regard to paragraph 11.1, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 11.1 of the Complaint.

24. With regard to paragraph 11.2, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 11.2 of the Complaint.

25. With regard to paragraph 11.3, Defendant denies each and every allegation set forth therein.

26. With regard to paragraph 11.4, Defendant denies each and every allegation set forth therein.

27. With regard to paragraph 11.5, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 11.5 of the Complaint.

28. With regard to paragraph 11.6, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 11.6 of the Complaint.

29. With regard to paragraph 11.7, Defendant admits that Enviro Engineering did not merge with NUI or other environmental company. Except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 11.7 of the Complaint.

30. With regard to paragraph 12, Defendant denies each and every allegation set forth therein.

31. With regard to paragraph 13, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 13 of the Complaint.

32. With regard to paragraph 13.1, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 13.1 of the Complaint.

33. With regard to paragraph 13.2, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 13.2 of the Complaint.

34. With regard to paragraph 13.3, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 13.3 of the Complaint.

35. With regard to paragraph 13.4, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 13.4 of the Complaint.

36. With regard to paragraph 14, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 14 of the Complaint.

37. With regard to paragraph 15, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this

1  paragraph, and on that basis denies each and every allegation contained in paragraph 15 of the Complaint.

38. With regard to paragraph 16, Defendant admits that he and Plaintiff entered into negotiations under what terms and conditions he would personally repay the funds invested by Economides in Callkey, Ltd. Except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 16 of the Complaint.

39. With regard to paragraph 16.1, Defendant admits that he and Plaintiff entered into a Repayment Agreement ("Agreement"). Except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 16.1 of the Complaint.

40. With regard to paragraph 16.2, Defendant admits that he represented to Plaintiff that within five calendar days of the sale of his property in Mexico commonly known as Santo Tomas, he would make an additional principal payment equal to the lesser of 80% of the net proceeds from such sale or the then unpaid amount due under the Agreement which shall be applied against the last payment scheduled under paragraph 1 of the Agreement.

41. With regard to paragraph 16.3, Defendant admits that he represented to Plaintiff that he would have Plaintiff released from all obligations under the Wells Fargo note, which was secured by the condominium in Tucson, Arizona. Defendant further admits that he represented to Plaintiff that if he failed to have him released under the Wells Fargo bank note by the above stated deadline, he promised to immediately put the condominium for sale with a broker chosen by Plaintiff. Except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 16.3 of the Complaint.

42. With regard to paragraph 16.4, Defendant admits that he represented to Plaintiff that pursuant to Plaintiff's resignation as an officer of SEPT, LLC, he promised to undertake the sole responsibility of hiring a tax accountant to complete and file all outstanding tax returns for SEPT, LLP.

43. With regard to paragraph 17, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this

1  paragraph, and on that basis denies each and every allegation contained in paragraph 17 of the
2  Complaint.
3    44. With regard to paragraph 17.1, Defendant states that he is without sufficient
4  knowledge or information to form a belief as to the truth of the allegations contained in this
5  paragraph, and on that basis denies each and every allegation contained in paragraph 17.1 of the
6  Complaint.
7    45. With regard to paragraph 17.2, Defendant states that he is without sufficient
8  knowledge or information to form a belief as to the truth of the allegations contained in this
9  paragraph, and on that basis denies each and every allegation contained in paragraph 17.2 of the
10 Complaint.
11   46. With regard to paragraph 17.3, Defendant denies each and every allegation set
12 forth therein.
13   47. With regard to paragraph 17.4, Defendant denies each and every allegation set
14 forth therein.
15   48. With regard to paragraph 18, Defendant denies each and every allegation set
16 forth therein.
17   49. With regard to paragraph 19, Defendant states that he is without sufficient
18 knowledge or information to form a belief as to the truth of the allegations contained in this
19 paragraph, and on that basis denies each and every allegation contained in paragraph 19 of the
20 Complaint.
21   50. With regard to paragraph 20, Defendant states that he is without sufficient
22 knowledge or information to form a belief as to the truth of the allegations contained in this
23 paragraph, and on that basis denies each and every allegation contained in paragraph 20 of the
24 Complaint.
25   51. With regard to paragraph 21, Defendant admits that Plaintiff purports to seek
26 relief pursuant to CCP § 425.11, but denies that such relief is warranted. Except as expressly
27 admitted, Defendant denies each and every remaining allegation contained in paragraph 21 of
28

1  the Complaint.

2  52. With regard to paragraph 22, Defendant denies the allegations contained in this paragraph, and specifically denies that Plaintiff is entitled to any punitive damages.

## SECOND CAUSE OF ACTION

53. With regard to paragraph 23, the allegations therein state a legal conclusion and, as such, require no response from Defendant. To the extent a response is necessary, Defendant incorporates by reference his responses to paragraphs one through 22 of the Complaint including sub-paragraphs as if fully set forth herein.

54. With regard to paragraph 24, Defendant admits that on or about November 14, 2005 he entered into a written repayment agreement with Plaintiff. As to the remainder of Plaintiff's contentions in this paragraph, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of those allegations, and except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 24 of the Complaint.

55. With regard to paragraph 25, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 25 of the Complaint.

56. With regard to paragraph 25.1, Defendant denies each and every allegation set forth therein.

57. With regard to paragraph 25.2, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 25.2 of the Complaint.

58. With regard to paragraph 25.3, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this

1 | paragraph, and on that basis denies each and every allegation contained in paragraph 25.3 of the
2 | Complaint.
3 | 59. With regard to paragraph 25.4, Defendant states that he is without sufficient
4 | knowledge or information to form a belief as to the truth of the allegations contained in this
5 | paragraph, and on that basis denies each and every allegation contained in paragraph 25.4 of the
6 | Complaint.
7 | 60. With regard to paragraph 26, Defendant admits that paragraph 10 of the repayment
8 | agreement expressly provides:
9 | "Should a default occur in any required payment or any other obligation required
10 | under this agreement, Economides, at his election, shall have the option to accelerate the
11 | installments not yet due and demand that the entire amount owing under this agreement be paid
12 | immediately."
13 | 61. With regard to paragraph 27, the allegations therein state a legal conclusion and,
14 | as such, require no response from Defendant. However, to the extent an answer is required,
15 | Defendant states that he is without sufficient knowledge or information to form a belief as to the
16 | truth of the allegations contained in this paragraph, and on that basis denies each and every
17 | allegation contained in paragraph 27 of the Complaint.
18 | 62. With regard to paragraph 28, Defendant states that he is without sufficient
19 | knowledge or information to form a belief as to the truth of the allegations contained in this
20 | paragraph, and on that basis denies each and every allegation contained in paragraph 28 of the
21 | Complaint.
22 | 63. With regard to paragraph 29, Defendant denies each and every allegation set forth
23 | therein.
24 | 64. With regard to paragraph 30, Defendant admits that the written agreement between
25 | he and Plaintiff provides:

"Should Economides incur any legal fees associated with the enforcement of this agreement in the future, Tsakanikas further agrees to reimburse Economides for all such fees upon presentation of the attorney's billing statements."

As to the remainder of Plaintiff's contentions in this paragraph, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of those allegations, and except as expressly admitted, Defendant denies each and every remaining allegation contained in paragraph 30 of the Complaint.

### THIRD CAUSE OF ACTION

65. With regard to paragraph 31, the allegations therein state a legal conclusion and, as such, require no response from Defendant. However, to the extent an answer is required, Defendant incorporates his responses to paragraphs one through 21 and 25 through 30 of the Complaint including sub-paragraphs as if fully set forth herein.

66. With regard to paragraph 32, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 32 of the Complaint.

67. With regard to paragraph 33, Defendant denies each and every allegation set forth therein.

68. With regard to paragraph 34, Defendant states that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in paragraph 34 of the Complaint.

69. With regard to paragraph 35, Defendant denies each and every allegation set forth therein.

### PRAYER

1. Answering Paragraphs 1-6 of the Prayer in the Complaint, the allegations contained therein state a legal conclusion and, as such, require no response from Defendant. However, to

11
ANSWER OF DEFENDANT PETER TSAKANIKAS TO COMPLAINT CASE NO.: C07-06335 EDL

2/5/08 (25069) #292429.1

the extent an answer is required, Defendant denies the allegations contained in this paragraph, and specifically denies that Plaintiff is entitled to any damages, statutory damages, general damages, damages for alleged mental and emotional injuries, or punitive damages. Defendant further denies that Plaintiff is entitled to any attorney fees, litigation expenses, or costs of this suit. Finally, Defendant denies that Plaintiff is entitled to any other relief under the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint as a whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is informed and believes, and based thereon alleges, that Plaintiff's Complaint, or parts thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of Plaintiff or others for which Defendant was not and is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant alleges, based on information and belief, that Plaintiff's Complaint, or parts thereof, is barred because the agreement entered into between Plaintiff and Defendant is void as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff may not recover compensatory or punitive damages as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant alleges, based on information and belief, that at all times relevant to the Complaint, Defendant had good faith defenses, based in law and/or fact, which if successful would preclude any recovery by Plaintiff based on the allegations of the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

7.      Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported damages and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

EIGHTH AFFIRMATIVE DEFENSE

8.      Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other parties' actions caused or contributed to damage, if there were any.

NINTH AFFIRMATIVE DEFENSE

9.      Defendant alleges, based on information and belief, that the Complaint, and each claim contained therein, is barred by the doctrines of estoppel and/or unclean hands.

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by reason of his complaint, that judgment be rendered in favor of Defendant;

2.      That Defendant be awarded costs of suit incurred in defense of this action; and

3.      For such other relief as the Court deems proper.

Dated: February 5, 2008                FITZGERALD ABBOTT & BEARDSLEY LLP


                                       By _____
                                              William E. Adams