1  WILLIAM E. ADAMS #153330
   SHARRON W. GELOBTER #226936
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California 94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: wadams@fablaw.com
5         sgelobter@fablaw.com

6  Attorneys for Defendant PETER TSAKANIKAS

7

8                    UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

10 | SPYROS ECONOMIDES,                 | Case No.: C07-06335 EDL
11 |            Plaintiff,              | **DEFENDANT'S CASE MANAGEMENT STATEMENT**
12 |     vs.                           | [Civil Local Rule 16-9]
13 | PETER TSAKANIKAS, and DOES 1 through XXV, |
14 |                                    | Date:       March 25, 2008
   |                                    | Time:       10:00 A.M.
15 |            Defendant.              | Courtroom:  E - 15th Floor
   |                                    | Judge:      Hon. Elizabeth D. Laporte

16

17    The parties to the above-entitled action have met and conferred in accordance with Fed.

18 R. Civ. P. 26(f). In accordance with the Court's Order dated December 13, 2007, Defendant

19 Peter Tsakanikas ("Tsakanikas") hereby submits the following Case Management Statement:

20              1.    **JURISDICTION AND SERVICE**

21    The court has diversity subject matter jurisdiction of the claims by and between the

22 parties pursuant to 28 USC § 1332. There are no issues regarding personal jurisdiction or

23 venue.

24              2.    **UNDERLYING FACTS**

25    This case is an action for fraud and breach of contract or conversion. In 2002,

26 Tsakanikas and Plaintiff Spyros Economides ("Economides") were introduced by a mutual

27 friend, Nikos Panopoulos. The parties communicated a number of times regarding their mutual

28 interest in investing and shortly thereafter agreed to cooperate and invest in environmental

                                    1.

1    projects. As such, they traveled to China to solicit environmental business there, but were

2    unsuccessful in that venture.

3         In or about February 2003, Tsakanikas and Economides met with the principals of

4    CallKey, Ltd. ("CallKey"), a telecommunications company that had developed a software-

5    based technology for mobile phone service. The Board of Directors of CallKey agreed to, and

6    then later formed, a subsidiary of the company based in Tucson, Arizona and appointed

7    Tsakanikas as its Chief Executive Officer. Economides and Tsakanikas thereafter formed

8    SEPT, LLC to acquire and own shares of stock in CallKey. Economides later invested certain

9    monies in the company. Tsakanikas likewise invested $350,000 in the company which he

10   subsequently lost.

11        In early 2004, Tsakanikas stepped down as CEO of the company. The CallKey stock

12   that had been acquired by SEPT, LLC was reacquired by CallKey for an unsecured note in the

13   principal amount of $240,000. The initial settlement amount agreed upon between the parties

14   was $500,000 which was renegotiated and later reduced to $240,000.

15        Thereafter, Tsakanikas promised to repay to Economides a certain sum of the amount

16   he had invested in the company.

17        On or about November 14, 2005 the parties entered into an agreement ("Agreement")

18   that delineated the schedule of payments by which Tsakanikas would repay Economides the

19   agreed upon amount.

20        Economides alleges that the agreement is valid and that Tsakanikas has breached the

21   contract by failing to remit the funds required pursuant to the schedule outlined in the

22   agreement and to overall abide by the obligations to which he agreed. Economides further

23   alleges that Tsakanikas has converted the funds that Economides invested in CallKey to his

24   own use.

25        Tsakanikas denies all the above claims and instead asserts that he has made several

26   payments to Economides according to his demands and does not owe the amount claimed by

27   Economides. Tsakanikas further asserts that he is not aware of portions of the sums

28   Economides claims he invested in CallKey. Tsakankisa further alleges that despite making

DEFENDANT'S CASE MANAGEMENT STATEMENT, CASE NO. C07-06335 EDL

3/24/08 (25069) #297745.1

1    payments to Economides, he is not knowledgeable as to what payments Economides has made

2    toward the accounts he has generated in order to make investments in CallKey.

### 3.    LEGAL ISSUES

3

4          1)    Validity and enforceability of the Agreement;

5          2)    If the Agreement is valid and enforceable, whether the parties have performed

6    their respective obligations under the Agreement;

7          3)    Whether Tsakanikas's performance under the Agreement constitutes a breach of

8    the Agreement;

9          4)    Whether Tsakanikas's actions constitute a conversion;

10          5)    Whether Tsakanikas's performance under the Agreement is a proximate cause of

11    Economides's damages;

12          6)    If the Agreement is unenforceable or has been materially breached by

13    Economides's own non-performance, should the measure of damages reflect this fact;

14          7)    The proper measure of damages to the respective parties, and determination of

15    the prevailing party on the contract issues.

### 4.    MOTIONS

16

17          Defendant anticipates filing a motion for summary judgment.

### 5.    AMENDMENT OF PLEADINGS

18

19          No amendments to the pleadings are planned by the Defendant, but the Defendant

20    reserves the right to amend the pleadings after conducting discovery.

### 6.    EVIDENCE PRESERVATION

21

22          The Defendant does not anticipate any issues regarding evidence preservation.

### 7.    DISCLOSURES

23

24          The Defendant has fully and timely complied with the initial disclosure requirements of

25    Fed. R. Civ. P. 26.  Neither party has supplemented these initial disclosures.

### 8.    DISCOVERY

26

27          No discovery has yet been undertaken.  The parties agree to a stay on discovery pending

28    mediation.

3.

1

### 9.    CLASS ACTIONS

Not applicable.

2

### 10.    RELATED CASES

None.

3

### 11.    RELIEF

Tsakanikas seeks a determination of the validity of the Agreement at issue in this action.   Tsakanikas also seeks attorneys' fees.

### 12.    SETTLEMENT AND ADR

The court has ordered the parties to mediation.

### 13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Defendant does not consent to a Magistrate Judge for all purposes.

### 14.    OTHER REFERENCES

The case is not suitable for any other reference.

### 15.    NARROWING OF ISSUES

The issues do not need to be narrowed.

### 16.    EXPEDITED SCHEDULE

This case would benefit by an expedited schedule.

### 17.    SCHEDULING

Not applicable.

### 18.    TRIAL

The Defendant has not requested a jury trial.  However, if a court trial is necessary the trial estimate is 3 to 5 days.

/ /

/ /

/ /

/ /

/ /

DEFENDANT'S CASE MANAGEMENT STATEMENT, CASE NO. C07-06335 EDL

3/24/08 (25069) #297745.1

1

19.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2

There are no non-party entities or persons who have a financial interest in the

3

controversy or in a party to this proceeding, nor any other interest that could be substantially

4

affected by the outcome of this case.

5

6

7    DATED:      March 24, 2008

8                                              WILLIAM E. ADAMS
                                               Attorney for Defendant PETER TSAKANIKAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.

DEFENDANT'S CASE MANAGEMENT STATEMENT, CASE NO. C07-06335 EDL

3/24/08 (25069) #297745.1