NICK T. RECKAS SBN 67235
Law Office of Nick T. Reckas
336 Bon Air Center, #296
Greenbrae, CA 94904
Telephone: (415) 464-0913
Facsimile: (415) 464-9801

Attorneys for Plaintiff
SPYROS ECONOMIDES



FILED
08 MAR 21 PM 3:51

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| SPYROS ECONOMIDES, | Case No.: RG07340996  3:07 CV 06335 EDL |
| Plaintiff, | **PLAINTIFF'S CASE MANAGEMENT STATEMENT** |
| vs. | [Civil Local Rule 16-9] |
| PETER TSAKANIKAS, and DOES I through XXV, | Date: 3/25/08<br>Time: 10:00 A.M.<br>Courtroom: E - 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |
| Defendants. | |

COMES NOW PLAINTIFF and submits the following Case Management Statement. Plaintiff is filing a separate Case Management Statement because he has been unable to reach counsel for the defendant despite repeated efforts to do so.

1. **JURISDICTION AND SERVICE.**

The court has original jurisdiction of this case pursuant to 28 USC § 1331.

2. **FACTS.**

Defendant PETER TSAKANIKAS ("TSAKANIKAS") fraudulently induced plaintiff through various misrepresentations and promises to invest in a telecommunications company that had developed a software-based technology capable of providing mobile phone service at a

1

PLAINTIFF'S CASE MANAGEMENT STATEMENT

1. considerably lower prices compared to conventional mobile phone companies. The name of this company was Callkey, Ltd.

Among other things, defendant represented that he would personally invest 1.2 million dollars in Callkey, Ltd.; that he had previously managed other start-up companies and taken them public and in this instance, he would do the same thing for Callkey, Ltd.; that if plaintiff agreed to invest in Callkey, Ltd. with TSAKANIKAS their investment would be through Sept, LLC, sixty percent of which would be owned by TSAKANIKAS and 40% by plaintiff ECONOMIDES. Plaintiff believed defendant's representations and in reliance thereon agreed to invest in Callkey, Ltd. through Sept LLC.

On or about May 19, 2003, plaintiff established a $150,000 line of credit with Greenpoint secured by a second deed of trust on his home and completely drew down the credit line and remitted the funds to Sept, LLC at TSAKANIKAS' request. Later, on or about October 27, 2003, plaintiff obtained a real state loan from Wells Fargo Bank in the principal amount of $150,00-0 to purchase a condominium unit in Tucson, Arizona which he conveyed to TSAKANIKAS by quit claim deed.

Still later, on or about December 2003, plaintiff borrowed $45,000 against his MBNA credit card and transferred the funds to Sept, LLC at the request of TSAKANIKAS, based on defendant's promise to repay this amount as a loan within a short period of time. Finally, plaintiff invested an additional $170,002.49 in Callkey, Ltd. through Sept, LLC.

In early 2004, the management of Callkey, Ltd. suspected that TSAKANIKAS had converted company funds and committed other wrongful acts. Thereafter, in March or April 2004 they conducted a full audit of Callkey, Inc.'s books and records and found out that the maximum cash deposited by TSAKANIKAS into the company's bank account was only $321,152. TSAKANIKAS had converted the remainder of the money invested by plaintiff and other investors to his own use and benefit. Additionally, the management of Callkey, Ltd. learned that

TSAKANIKAS maintained foreign bank accounts and habitually made illegal, undeclared international funds transfers. The management of Callkey, Ltd. believed that defendant employed these illegal transactions to evade the payment of taxes in Greece and the United States.

As a result of these findings, the management of Callkey, Ltd. requested TSAKANIKAS to resign as Chief Executive Officer of Callkey, Inc. and made an offer to him and SEPT, LLC to buy all the stock they held in Callkey, Ltd. for an unsecured note in the principal amount of $240,000. Plaintiff did not want to sell his stock in Callkey, Ltd. for this amount. Nevertheless, TSAKANIKAS insisted that they had no choice and promised to personally repay the funds invested by ECONOMIDES in Callkey, Ltd. if he accepted Callkey's offer to sell his stock for the amount of the offer.

Thereafter, the parties entered into negotiations under what terms and conditions defendant TSAKANIKAS would personally repay the funds invested by ECONOMIDES in Callkey, Ltd.

As a direct result of these negotiations, the parties entered into a repayment agreement whereby TSAKANIKAS agreed to repay plaintiff the total sum of $359,002.49. Unfortunately, defendant failed to make the prinicipal payments specified in the agreement thereby necessitating the filing of this action.

3.  **LEGAL ISSUES**

There are none.

4.  **MOTIONS**

There are no pending motions. Plaintiff anticipates to file discovery motions and a motion for summary judgment.

5.  **AMENDMENT OF PLEADINGS**

Plaintiff does not intend to add or dismiss any claims.

6.  **EVIDENCE PRESERVATION**

Plaintiff has taken steps to preserve all evidence within his custody, possession and control.

1  //

2  7.  **DISCLOSURES**

3  Plaintiff has not made a full, timely disclosure because plaintiff is out of the country and is
4  not scheduled to return until April 30, 2008. Meanwhile, he has served all non-privileged
5  documents on defendant and has disclosed all potential witnesses that have knowledge of any of the
6  facts relating to this case. Upon his return to the United States, plaintiff will supplement his initial
7  disclosures.

8  8.  **DISCOVERY**

9  No discovery has been conducted to date. Plaintiff will submit a discovery plan to the court
10  after the court-ordered mediation is completed.

11  9.  **CLASS ACTIONS**

12  This is not a class action.

13  10.  **RELATED CASES**

14  There are no related cases pending before the court.

15  11.  **RELIEF**

16  Plaintiff seeks damages in the amount of $359,002.49 together with interest from April 10,
17  2004 at the legal rate. This amount of damages is based on the terms of the Repayment Agreement
18  attached to the complaint. In addition, plaintiff seeks reasonable attorney fees and punitive
19  damages according to proof.

20  12.  **SETTLEMENT AND ADR**

21  The parties are in the process of scheduling a mediation date with Michael E. Sobel.

22  13.  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

23  Plaintiff is willing to have a magistrate judge conduct all further proceedings including trial
24  and entry of judgment.

4

PLAINTIFF'S CASE MANAGEMENT STATEMENT

14. **OTHER REFERENCES**

This case is not suitable for any other references.

15. **NARROWING OF ISSUES**

The issues do not need to be narrowed.

16. **EXPEDITED SCHEDULE**

Plaintiff is agreeable to have the case set on an expedited schedule.

17. **SCHEDULING**

Plaintiff is willing to meet and confer to set the proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions and pretrial conference and trial.

18. **TRIAL**

Plaintiff requests a jury trial. The trial will take ten court days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

There are no non-party entities or persons who have a financial interest in this case or in a party to this proceeding, nor any other interests that could be substantially affected by the outcome of this case.

DATED: March 21, 2008         LAW OFFICES OF NICK T. RECKAS

                              By: _____
                                  NICK T. RECKAS,
                                  ATTORNEY FOR PLAINTIFF
                                  SPYROS ECONOMIDES

## PROOF OF SERVICE

I declare that: I work in the County of Marin, California. I am over the age of eighteen years and not a party of the within entitled cause.

On March 21, 2008, I served the attached:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

on the parties herein in said cause via the following means:

[ XX ] FIRST CLASS MAIL – I placed sealed, postage prepaid envelopes in First Class Mail for delivery in said city, addressed as follows:

[ ]    OVERNIGHT MAIL – (Federal Express) I placed sealed, postage prepaid envelopes in Overnight Mail for delivery in said city, addressed as follows:

[XX]   FACSIMILE TRANSMISSION – I delivered them by electronic facsimile transmission to the following individuals:

[ ]    HAND DELIVERY – I delivered them personally by hand to the following individuals:

William E. Adams, Esq.
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Flr.
Oakland, CA 94612

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 21, 2008, at San Rafael, California.

_Suzanne Ganflen_