NICK T. RECKAS (SBN 67235)
Law Office of Nick T. Reckas
336 Bon Air Center, #296
Greenbrae, CA 94904
Telephone: (415) 464-0913
Facsimile:  (415) 464-9801
E-mail: nreckaslaw@aol.com
Attorney for Plaintiff
SPYROS ECONOMIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPYROS ECONOMIDES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PETER TSAKANIKAS,<br><br>　　　　　Defendant. | Case No.: C 07-06335JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**<br><br>Date:　　　July 11, 2008<br>Time:　　　9:00 a.m.<br>Courtrm.:　　2 |

### I.　INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 60(b)(1) plaintiff moves this court to vacate its May 7, 2008 judgment of dismissal of this action based upon failure to prosecute it and reinstate this action on the court's docket.    The dismissal was the result of plaintiff's unwitting failure to register with the court's electronic case filing ("ECF") system after the case was removed by the defendant from the Alameda County Superior Court.  Although plaintiff was in fact diligently prosecuting this action, his counsel failed to receive notices of an April 25 case management conference ("CMC") which was scheduled after the Honorable Jeffery S. White was assigned this action and he also failed to receive Judge White's order to show cause why this action should not be dismissed after plaintiff's counsel failed to attend the April 25 CMC.    Plaintiff counsel, who had not litigated an action in federal court since the late 1990's, was unaware of the ECF registration requirement due to

innocent oversight and registered with the system as soon as he became aware of his oversight. Plaintiff counsel's failure to register constituted excusable neglect. Plaintiff has promptly filed this motion after he learned of the dismissal and reinstatement of this action will not prejudice the defendant in any way.

Furthermore, it appears that in subsequent communications defense counsel deliberately failed to disclose to plaintiff's counsel the occurrence of the April 25 CMC or the court's issuance of the order to show cause. Instead, defense counsel continued to communicate with plaintiff's counsel and the court appointed mediator to schedule a mediation which defense counsel knew would not occur if plaintiff failed to respond to the order to show cause; nevertheless, defense counsel made no inquiry regarding plaintiff's intention in terms of responding to the court's order to show cause.[1]

## II.   ARGUMENT

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…"

The rule further provides that a motion that is based on the foregoing reason must be made within reasonable time after the entry of the judgment or order not to exceed one year. The judgment of dismissal was entered on May 7, 2008 and this motion was filed on May 28, 2008.

Based upon the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the Ninth Circuit abandoned its prior per se rule in determining whether conduct constituted "excusable neglect" and has adopted a four part test by which a district court should determine whether a party had engaged in "excusable neglect":

  1.   The danger of prejudice to the non-moving party.
  2.   The length of the delay and its impact upon the judicial proceedings.
  3.   The reasons for the delay and whether it was in the movant's control.

---

[1] Although not a ground for decision, in *Bateman v. United States Postal Service* 231 F.3d 1220, 1223, n. 2 (9th Cir 2000), the Ninth Circuit noted with dismay the failure of the USPS to advise the court at a hearing on a defendant's motion for summary judgment that plaintiff's counsel was out of

MEMORANDUM IN SUPPORT OF MOTION VACATE JUDGMENT OF DISMISSAL

4. Whether the moving party's conduct was in good faith.

*Pincay v. Andrews* 389 F.3d 853, 855 (9th Cir. 2004).

It is within the district court's sound discretion to determine whether or not a movant has met his or her burden of establishing excusable neglect. (*Id.* at 858.)

In her concurring opinion in *Pincay*, Judge Berzon noted that the above four factors apply equally:

> "…*Pioneer* portends a balancing test, and does not ascribe determinative significance to *any* single factor. In other words, whether neglect is 'excusable' is the conclusion one reaches after considering the pertinent factors, not an independent element with moral content. Pioneer thus indicates that a district court may find neglect "excusable" if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason—even if no decent lawyer would have made that error. There is no linguistic flaw in terming such errors 'excusable', meaning nothing more than 'appropriate to excuse.'"

(*Id.* at 860 (emphasis present); *accord, Bateman v. United States Postal Service* 231 F.3d 1220, 1224 (9th Cir 2000).)

Applying the *Pioneer* factors to the case at hand, it is apparent that excusable neglect has occurred. First, if the case is reinstated there will be no prejudice to the defendant. The case was only removed last December to this court and the only work done on the case by either party has been the filing of one or two case management statements, defendant's attendance at the April 25 CMC and negotiations between the court appointed mediator and the parties to schedule a mediation date. Plaintiff cannot conceive of any way that reinstatement of this action would compromise the defendant's ability to contest plaintiff's claims.

Second, the delay between the court's entry of the dismissal and the filing of this motion is only about 21 days and the delay between the filing of this motion and the time that plaintiff's counsel learned of the dismissal from defense counsel's correspondence to the mediator is approximately the same time. Longer delays in bringing Rule 60(b) motions have been permitted by this circuit. (*E.g. Bateman, supra* at 1225 [delay of one month after court refused written request by counsel to rescind order granting summary judgment while movant's counsel was out of the country].)

Third, the delay is due to plaintiff counsel's lack of familiarity with (for him) the new electronic filing system employed by the court's of this district. Plaintiff's counsel's failure to register

---

the county due to a family emergency and therefore could not respond to the motion or attend the hearing.

MEMORANDUM IN SUPPORT OF MOTION VACATE JUDGMENT OF DISMISSAL

for this system was an innocent error and was not due to any attempt to obtain a tactical or other advantage over the defendant. Indeed, it appears that defense counsel used plaintiff's failure to register to gain a tactical advantage over him.

Fourth, plaintiff was clearly acting in good faith. Plaintiff made every good faith effort to comply with Magistrate LaPorte's general order, despite defense counsel's stonewalling of the preparation of the joint case management statement. Furthermore, plaintiff worked diligently to schedule mediation within the time provided for in that order and employed independent counsel to specially appear for him in the initial case management conference scheduled before Magistrate LaPorte only to learn that the defendant lodged an objection as to her.

Finally, plaintiff has rectified his failure to attend the case management conference and to answer the order to show cause by registering his e-mail address with the court and registering with Pacer. Therefore, counsel's error will not be repeated.

### III.    CONCLUSION

The court should exercise its discretion and grant this motion. Plaintiff has met his burden of establishing that his counsel's failure to register with the court's electronic filing system is a case of excusable neglect. Given the embryonic state of this action, defendant will suffer no prejudice by restoring this action to the court's calendar and no judicial resources will be wasted by doing so.

Dated this 27th day of May, 2008                Law Offices of Nick T. Reckas


                                                By:_____
                                                    NICK T. RECKAS
                                                    Attorney for Plaintiff

MEMORANDUM IN SUPPORT OF MOTION VACATE JUDGMENT OF DISMISSAL

4

**PROOF OF SERVICE**

I declare that: I work in the County of Marin, California. I am over the age of eighteen years and not a party of the within entitled cause.

On May 28, 2008, I served the attached:

**AFFIDAVIT OF NICK T. RECKAS IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**

on the parties herein in said cause via the following means:

[X]   FIRST CLASS MAIL – I placed sealed, postage prepaid envelopes in First Class Mail for delivery in said city, addressed as follows:

[ ]   OVERNIGHT MAIL – (Federal Express) I placed sealed, postage prepaid envelopes in Overnight Mail for delivery in said city, addressed as follows:

[ ]   FACSIMILE TRANSMISSION – I delivered them by electronic facsimile transmission to the following individuals:

[X]   E-MAIL – by placing a true copy thereof into PDF format and forwarding via e-mail to the following individuals:

William E. Adams, Esq.
Sharron Williams Gelobter, Esq.
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Flr.
Oakland, CA  94612
wadams@fablaw.com
sgelobter@fablaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 28, 2008, at San Rafael, California.

_____
Suzanne Gamlen