1  NICK T. RECKAS (SBN 67235)
   Law Office of Nick T. Reckas
2  336 Bon Air Center, #296
   Greenbrae, CA 94904
3  Telephone: (415) 464-0913
4  Facsimile:  (415) 464-9801
   E-Mail:  nreckaslaw@aol.com
5  Attorneys for Plaintiff
   SPYROS ECONOMIDES
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | SPYROS ECONOMIDES,              | Case No.: C 07-06335JSW
12 |                                 |
   |         Plaintiff,              | **MOTION TO VACATE JUDGMENT OF
13 |                                 | DISMISSAL FOR WANT OF
   |     vs.                         | PROSECUTION**
14 |                                 |
15 | PETER TSAKANIKAS,               | Date:    July 11, 2008
   |                                 | Time:    9:00 a.m.
16 |         Defendant.              | Courtrm.:  2

17

18      Pursuant to Rule 60(b) (1) of the Federal Rules of Civil Procedure plaintiff SPYROS

19 ECONOMIDES moves to vacate the order and judgment of dismissal that was entered on May 7,

20 2008 and to reinstate this action for further proceedings:

21      1.    This action was removed from the Superior Court of the State of California in and

22 for the County of Alameda by defendant PETER TSAKANIKAS on December 13, 2007 and

23 dismissed for want of prosecution on May 7, 2008 on the grounds that plaintiff had failed to comply

24 with the court's order issued on January 28, 2008[1] requiring plaintiff and/or his counsel to appear

---

[1] Plaintiff has been unable to find a copy of an order of this date in the court's electronic file for this case.

for a case management conference ("CMC") on April 25, 2008 and to file a joint case management statement ("CMS") seven days before the CMC.

2. The parties did not file a joint CMS and plaintiff's counsel failed to appear at the CMC. As a result of plaintiff's failure to appear at the CMC, the court ordered plaintiff to file by no later than May 2, 2008 a response to an order to show cause and if he failed to respond within that time the case would be dismissed without prejudice for failure to prosecute. After plaintiff failed to answer the order to show cause, the court dismissed the case without prejudice for failure to prosecute on May 7, 2008.

3. The plaintiff's failure to file a joint CMS was due to the bad faith actions of defense counsel which is more particularly described in paragraphs 7 and 8 of the affidavit of plaintiff's counsel in support of this motion. The plaintiff's failure to attend the CMC and to answer the order to show cause resulted from plaintiff's mistake, inadvertence or excusable neglect within the meaning of Rule 60(b) (1) of the Federal Rules of Civil Procedure in that plaintiff did not receive notice of these proceedings as more particularly described in paragraph 12 of plaintiff counsel's affidavit filed in support of this motion.

4. When defense counsel appeared at the April 25, 2008 CMC he knew that plaintiff was actively prosecuting this action. In subsequent communications with plaintiff's counsel after the CMC, defense counsel deliberately refrained from telling plaintiff's counsel of the issuance of the order to show cause despite the fact that defense counsel knew that plaintiff's counsel was actively preparing the case for mediation as required by the court's standing order.

5. At the time the dismissal was entered, plaintiff's counsel was diligently prosecuting this action:

(a) On March 4, 2008 he "met and conferred" with opposing counsel regarding initial disclosures, settlement, ADR process selection and other topics relating to this matter;

(b) On March 21, 2008 (after defense counsel did not cooperate in the preparation of a joint CMS) plaintiff filed a separate CMS;

(c) On March 25, 2008, while plaintiff was on trial in another matter in the San Francisco Superior Court, he engaged the services of attorney William E. King to attend the initial CMC in this matter. When attorney King appeared he was informed by Magistrate LaPorte's clerk that defense counsel had electronically filed an objection to the case being assigned to Magistrate LaPorte and that the CMC would be re-scheduled pending assignment of the case to a judge;

(d) On April 7, 2008 plaintiff's counsel participated in a telephone conference call with Michael Sobel, who was appointed mediator on March 18, 2008, and defense counsel to schedule the mediation. During the conference, both parties agreed to supplement their initial disclosures with additional financial information prior to May 15, 2008 so that the parties could conduct a meaningful mediation. Plaintiff met this deadline and supplemented his initial disclosures. Thereafter, plaintiff kept in constant communication with Mr. Sobel and defense counsel to schedule a date for the mediation that the defendant could attend; however, before the mediation could be scheduled, the court dismissed the action and defendant refused to mediate the case.

6. If the case is reinstated there is no danger of prejudice to the defendant.

7. Plaintiff has not delayed in bringing this motion to reinstate his case. The court entered its judgment of dismissal on May 7, 2008, and plaintiff filed this motion only three weeks later.

8. At all times, plaintiff has acted in good faith in prosecuting this action.

9. Dismissal in this case is too harsh a sanction for a case less than five months from the time when it was removed from state court, when there has been no prejudice to the defendant and plaintiff moved promptly for relief.

//

Wherefore, plaintiff prays that this court reconsider its order and judgment of dismissal of May 7, 2008 and vacate its order and judgment based thereon dismissing this case for want of prosecution, and set the case for further proceedings on its calendar.

Respectfully submitted,

DATED: May 27, 2008                              LAW OFFICES OF NICK T. RECKAS


By: _____
    NICK T. RECKAS,
    Attorney for Plaintiff
    Spyros Economides

**PROOF OF SERVICE**

I declare that: I work in the County of Marin, California. I am over the age of eighteen years and not a party of the within entitled cause.

On May 28, 2008, I served the attached:

**MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**

on the parties herein in said cause via the following means:

[ XX ] FIRST CLASS MAIL – I placed sealed, postage prepaid envelopes in First Class Mail for delivery in said city, addressed as follows:

[  ]    OVERNIGHT MAIL – (Federal Express) I placed sealed, postage prepaid envelopes in Overnight Mail for delivery in said city, addressed as follows:

[ ]    FACSIMILE TRANSMISSION – I delivered them by electronic facsimile transmission to the following individuals:

[X]    E-MAIL – by placing a true copy thereof into PDF format and forwarding via e-mail to the following individuals:

William E. Adams, Esq.
Sharron Williams Gelobter, Esq.
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Flr.
Oakland, CA  94612
wadams@fablaw.com
sgelobter@fablaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 28, 2008, at San Rafael, California.

_____
Suzanne Gamlen