NICK T. RECKAS (SBN 67235)
Law Office of Nick T. Reckas
336 Bon Air Center, #296
Greenbrae, CA 94904
Telephone: (415) 464-0913
Facsimile:  (415) 464-9801
e-mail: nreckaslaw@aol.com

Attorney for Plaintiff
SPYROS ECONOMIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPYROS ECONOMIDES,<br><br>        Plaintiff,<br><br>    vs.<br><br>PETER TSAKANIKAS,<br><br>        Defendant. | Case No.: C 07-06335JSW<br><br>**AFFIDAVIT OF NICK T. RECKAS IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**<br><br>Date:      July 11, 2008<br>Time:     9:00 a.m.<br>Courtrm.:    2 |

   I, NICK T. RECKAS, after first being duly sworn, depose and state as follows:

   1.   I am a member in good standing of the Bar of the State of California, admitted to practice in the Northern District of California, and the attorney of record for plaintiff.

   2.   This action is a suit for common law fraud and breach of contract growing out of plaintiff's investment in Callkey, Ltd., an Isle of Man corporation that is engaged in the telecommunications business.  Defendant fraudulently induced plaintiff to invest in Callkey by making various misrepresentations to him regarding the amount of money that the defendant had personally invested in Callkey and the use and repayment of plaintiff's funds.  As a result of the defendant's misrepresentations plaintiff incurred losses in excess of $354,000.

3. Plaintiff has diligently prosecuted this action at all times. The complaint was filed on August 16, 2007 in the Alameda County Superior Court. However, because defendant is an out of state resident and was out of the country at the time the suit was filed, plaintiff was unable to serve him with process until October 28, 2007. On December 11, 2007 plaintiff took defendant's default. On December 13, 2007 defendant removed the case to federal court where it was assigned to the Honorable Elizabeth D. LaPorte.

5. Pursuant to the court's standing order of July 26, 2005, the parties were ordered to: (a) meet and confer by March 4, 2008 concerning initial disclosures, early settlement, ADR process selection, and discovery; (b) file by March 18, 2008 a Rule 26(F) report and complete initial disclosures; and (c) attend an initial case management conference ("CMC ") on March 25, 2008.

6. Plaintiff was prevented from complying with the court's standing order by the actions of defense counsel. On March 4, 2008, I conferred with defense counsel, William Adams, by telephone regarding Item (a) above. During this telephone conversation, I told Mr. Adams that I was scheduled to start a jury trial in the San Francisco Superior Court in the case of *Tadaaki Kinoshita, dba Sanae International vs. Area 51-ESG, Inc.,* Case No. CGC 06 457 423 on March 17, 2008 and that I also had to file before March 18, 2008 (the deadline to file the Rule 26F report and joint case management statement ("CMS" under this court's standing order).opposition to a massive motion for summary judgment in another case pending in the Alameda Superior Court. Mr. Adams told me that he would take the "first cut" at the joint CMS and e-mail it to me by the end of that week so that I could review it before it was put in final form and submitted to the court.

7. Later that week, after I had not received the promised draft of the joint CMS I called Mr. Adams and left him a message on his voicemail stating that I had not received the proposed joint CMS and asked him to please e-mail it to me. Between March 8 and March 21, 2008, I called Mr. Adams in excess of half a dozen times to speak either to him, his associate, Sharron Gelobter, and/or their secretary concerning the parties' joint CMS and the parties' initial disclosures. I was repeatedly informed by the receptionist that either they were "unavailable", "out of the office," or given some other excuse. As of March 21, 2008, I had concluded that I had been

misled by Mr. Adams and that he did not intend to cooperate in preparing a joint CMS. Therefore, I prepared a separate CMS on behalf of plaintiff and filed it with the court. Later that day, after plaintiff had filed his separate CMS, I received by e-mail a proposed CMS from the defendant. My efforts to obtain the defense counsel's cooperation to prepare the joint CMS as ordered by the court are memorialized in my March 21, 2008 letter to Mr. Adams, a true and correct copy of which is attached hereto as Exhibit "A."

8. On March 24, I served notice of partial compliance re: initial disclosures. I was unable to make complete disclosures as of this date because the plaintiff was out of the country and much of the information needed to fully comply with the initial disclosures was located at his residence located in Berkeley and could not be obtained until the plaintiff's return.

9. Between March 17, 2008 and April 2, 2008, I was counsel for the plaintiff in the *Kinoshita* trial. Because I was unable to attend the initial March 25, 2008 CMC before Magistrate LaPorte, I retained William B. King to appear on my behalf. Magistrate LaPorte's clerk informed Mr. King that opposing counsel had filed an objection to the case being assigned to Magistrate LaPorte. As a result, the CMC would be off calendared and would not be re-scheduled until a new judge was assigned. Mr. King sent me a letter dated March 25, 2008, concerning this development, a true and correct copy of which is attached hereto as Exhibit B.

10. The following day, on March 26, 2008, the case was re-assigned to the Honorable Jeffrey S. White, and Judge White issued an order: (a) scheduling a CMC for April 25, 2008; (b) requiring the parties to file a joint CMS no later than five (5) court days prior to the CMC; (c) lead counsel for the parties to appear at the CMC in order to discuss all items referred to in the court's order and with the necessary authority to enter into stipulations, to make admissions and to agree to further scheduled dates; and (d) requiring plaintiff to immediately serve all parties with a copy of the order.

11. Unfortunately, I had not handled a case in federal court since the late 1990's. Upon receipt of the removal notice and related papers, my secretary calendared the items in the magistrate's standing order and filed the remaining papers. She did not advise me of the other

AFFIDAVIT OF NICK T. RECKAS

3

papers that accompanied the removal notice and due to the press of other business I did not review those papers.  Therefore, I was unaware of and did not review the ECF Registration Information Handout which accompanied the renewal notice and for that reason I did not register my email address with the court.  Due to the lack of registration, I was unaware that the case had been reassigned to Judge White or that Judge White had scheduled a CMC for April 25.  For this same, reason I was unaware of the order to show cause that Judge White issued at the CMC.

12. While these proceedings were pending before Judge White, I was in constant communication with the court appointed mediator, Michael Sobel, in order to schedule a mediation which Magistrate LaPorte had ordered to occur by June 16, 2008.  On April 7, 2008, I participated in a conference call with Mr. Sobel and Sharron Gelobter, one of the attorneys for defendant, to set a mediation date and discuss other particulars relating to the mediation.  During this conference, the parties agreed, among other things, "to finish sharing with each other the financial documentation concerning the status of the funds and other consideration sent earlier by Mr. Economides to Mr. Tsakanikas.  The parties have agreed to provide the remaining financial information in this regard to each other by May 15, 2008.   Although the mediation had to take place by June 16,  Ms. Gelobter stated that she was unable to commit to a specific date at that time because the defendant was in Greece, and she was in the process of attempting to secure June mediation dates from him.  Attached hereto as Exhibit C is a true and correct copy of an e-mail Mr. Sobel sent to both parties on April 7, 2008 confirming the substance of the discussion in the conference call.

13. I believe that counsel for defendant, Mr. Adams and/or his associate, Ms. Sharron Gelobter, attended the April 25, 2008 CMC, at which time they must have been aware that I had been actively working with Mr. Sobel and Ms. Gelobter to schedule a mediation date.  Therefore, Mr. Adams knew that whatever the reason for my non-attendance, it was not due to a lack of interest in prosecuting this action.

14. On April 24, 2008, Mr. Sobel wrote to Ms. Gelobter, "I think the date for the mediation needs to be set at this point."   (Exhibit "D" attached hereto).  Later that day she replied,

> "As stated in our last communication, our client is in Greece dealing with personal medical issues. We are still making an effort to settle a date that

AFFIDAVIT OF NICK T. RECKAS

4

>will be satisfactory for all parties. Please bear with us and we will inform you at the earliest possible time when we have managed to secure that date."

Yet, as of the date of this communication, neither Ms. Gelobter nor Mr. Adams had contacted plaintiff pursuant to the court's order of March 27, 2008, to prepare and file a joint case management statement no later than five (5) court days prior to the CMC. Furthermore, unlike your affiant, they must have known of the court's order because the following day, one or both of them, attended the CMC.

15. On April 25, 2008, the date of the conference, Mr. Sobel once again wrote to Ms. Gelobter and explained to her the reasons why he was pressing to set a mediation date. Instead, of replying promptly with a date or even informing him that plaintiff's counsel had failed to attend the CMC and the court had issued an order to show cause, she waited until May 7, 2008, (after the case had been dismissed) to "update [him] on the status" of the case. At that time, she sent him an e-mail informing him that the case had been dismissed by the court as a result of my failure to attend the CMC and to answer the order to show cause. Enclosed with her e-mail was a copy of the court's order dismissing the case. Please see Ex. E attached hereto.

16. After I received a copy of Ms. Gelobter's e-mail to Mr. Sobel along with the attached order, I immediately telephoned her to inform her that plaintiff had not been aware of the proceedings held before Judge White and for that reason asked her if the defendant would stipulate to vacate the dismissal. She told me that she did not have any authority to enter into such a stipulation, but that she would consult with Mr. Adams and her client. The next day she sent me an e-mail denying my request, a true and correct copy of which is attached as Exhibit F hereto.

17. On May 14, 2008, I supplemented plaintiff's initial mediation disclosures as had been previously agreed between the parties in the telephone conference with Mr. Sobel, and I sent Ms. Gelobter and Mr. Adams a letter advising her that I was going to file a Rule 60(b) (1) motion to vacate the dismissal and in light of this motion and the likelihood that the court may grant it, the parties should still proceed with the mediation while the motion was pending. Mr. Adams replied to my letter by telling me that defense counsels' services had concluded and any further discussions

should be directly with the defendant.  Please see Mr. Adams' e-mail to the undersigned attached hereto as Exhibit G.

18. On May 7, 2008, I registered with the court's ECF registration system and Pacer to fully comply with the court's electronic filing requirements.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This affidavit was executed this 28th day of May, 2008 at Greenbrae, California.

_____
NICK T. RECKAS

**PROOF OF SERVICE**

I declare that: I work in the County of Marin, California. I am over the age of eighteen years and not a party of the within entitled cause.

On May 28, 2008, I served the attached:

**AFFIDAVIT OF NICK T. RECKAS IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**

on the parties herein in said cause via the following means:

[ XX ] FIRST CLASS MAIL – I placed sealed, postage prepaid envelopes in First Class Mail for delivery in said city, addressed as follows:

[  ]   OVERNIGHT MAIL – (Federal Express) I placed sealed, postage prepaid envelopes in Overnight Mail for delivery in said city, addressed as follows:

[ ]   FACSIMILE TRANSMISSION – I delivered them by electronic facsimile transmission to the following individuals:

[X]   E-MAIL – by placing a true copy thereof into PDF format and forwarding via e-mail to the following individuals:

William E. Adams, Esq.
Sharron Williams Gelobter, Esq.
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Flr.
Oakland, CA  94612
wadams@fablaw.com
sgelobter@fablaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 28, 2008, at San Rafael, California.

_____
Suzanne Gamlen