1  WILLIAM E. ADAMS #153330
   SHARRON W. GELOBTER #226936
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California 94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: wadams@fablaw.com
5        sgelobter@fablaw.com

6  Attorneys for Defendant PETER TSAKANIKAS

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

10 SPYROS ECONOMIDES,                    Case No.: C07-06335 JSW

11          Plaintiff,

12     vs.                               **DEFENDANT'S OPPOSITION TO
                                         MOTION TO VACATE JUDGMENT OF
   PETER TSAKANIKAS, and DOES 1 through  DISMISSAL FOR WANT OF
13 XXV,                                  PROSECUTION**

14          Defendant.                   Date:      August 15, 2008
                                         Time:      9:00 a.m.
15                                       Courtroom: 2
                                         Judge:     Hon. Jeffrey S. White
16

17

18

19      Defendant Peter Tsakanikas ("Defendants") hereby submits this Opposition to Plaintiff

20 Spyros Economides' ("Plaintiff") Motion to Vacate Judgment of Dismissal for Want of

21 Prosecution.

22 **I.      BACKGROUND**

23

24      This is an action for breach of contract and common law fraud by Spyros Economides

25 against Peter Tsakanikas. Plaintiff originally filed his action in the Superior Court of the State

26 of California, County of Alameda. Defendant removed the case to this court on the basis of

27

28                                    1.

1  diversity jurisdiction.  The court notified the parties of a case management conference on April

2  25, 2008.  Plaintiff did not attend.  At the conference, the Court issued an Order to Show Cause

3  why Plaintiff's case should not be dismissed for failure to prosecute, giving Plaintiff seven (7)

4  days to file a response.  Plaintiff did not respond to the court order.  Consequently on May 7,

5  2008 this court issued an Order of Dismissal Without Prejudice.

6

7  On May 28, 2008 Plaintiff filed the instant motion to vacate the dismissal and judgment

8  pursuant to Federal Rules of Civil Procedure 60(b)(1) for mistake, inadvertence, surprise and

9  excusable neglect.  Vacating a judgment of dismissal under section 60(b)(1) constitutes

10  extraordinary relief that is only appropriate upon a showing of exceptional circumstances.[1]

11  Plaintiff's motion falls well short of the required showing.  It is clear that the court property

12  served notice both of the case management conference and the order to show cause.  While

13  Plaintiff's counsel offers the meager explanations that the court orders were filed by his

14  secretary without his reading them, this hardly constitutes a showing of good cause or of

15  reasonable diligence.  The dismissal should stand.

16

17  **II.    DISCUSSION**

18

19  **A.    Plaintiff's Motion Must Be Denied As Devoid of Merit**

20  Plaintiff's Motion to Vacate is based on Federal Rules of Civil Procedure section

21  60(b)(1) which provides:

22

23  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

24  excusable neglect.

25  Relying on that language, Plaintiff claims that his failure to sign up for electronic

26  notification by the court and his subsequent failure to read paper versions of the notifications

27

---

[1] *Waggoner v. R. McGray, Inc.* 743 F.2d 643 (9th Cir 1984).

28  2.

1    mailed to him by the court are mistakes and/or excusable neglect. Plaintiff's claim under

2    section 60(b) is meritless.

3        Section 60(b) is not intended to be a collective remedy for every case of poor judgment.

4    The rule permits the district court to entertain a motion for a new trial upon a showing of

5    mistake, inadvertence, surprise or excusable neglect or a showing of other reasons justifying

6    relief from the operation of a judgment. As discussed above, the rule considers reprieve from

7    judgment of dismissal an extraordinary relief and is appropriate only upon showing of

8    

9    exceptional circumstances.[2] Furthermore, the court, in rational exercise of its discretion, may

10   decline to reinstate an action that was dismissed for willful failure by the plaintiff or by

11   plaintiff's counsel.[3]

12   

13       The only "mistakes" offered by Plaintiff are his failures to fulfill the court's

14   requirement to sign up for electronic notification, to read the notices provided by the court and

15   to acquaint himself with the court rules given that he had not practiced in Federal court "since

16   the late 1990's [sic]." However, these so-called mistakes are clearly not of the type

17   contemplated by section 60(b) and are thus not "exceptional circumstances" warranting the

18   extraordinary relief of dismissal of the judgment. Additionally given that Plaintiff failed to

19   comply on two consecutive orders, his inaction may be deemed willful failures by the court.

20   

21       Plaintiff additionally makes the preposterous claim that both *his* failures to attend the

22   case management conference and to respond to the Order to Show Cause not only constitute

23   mistakes and/or excusable neglect, but are the fault of his secretary and opposing counsel. Not

24   only are Plaintiff's attempts to shift the blame for his failures absurd, but neither rise to the

25   ───────────────────────

[2] Id. at 645 (9th Cir 1984).

26   [3] *Hubbard v. Baltimore & O. R. Co.*, 249 F.2d 885 (6th Cir. 1957); *Castro v. Board of Educ. of City of Chicago*,
214 F.3d 932, 46 Fed. R. Serv. 3d 746 (7th Cir. 2000).

27   

28                                    3.

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF
PROSECUTION, CASE NO. C07-06335 EDL
6/19/08 (25069) #304272.1

1    level of mistakes or excusable neglect sufficient to vacate this Court's order.

2    Plaintiff's conclusion that he should be given another chance due to his lack of diligence

3    is also illogical. Plaintiff had an opportunity to participate in the case management conference

4    to inform the court of the status of the case but failed to attend, and was also afforded the

5    opportunity to respond to the court's order to explain his absence and to further plead his case.

6    Plaintiff failed on *both* ends as a result of his negligence, not because of excusable

7    circumstances. Thus there is little doubt that the court regarded Plaintiff's lack of response as

8

9    willful failure and considered that in making its ruling.

10

11   The fact that Plaintiff by his own inattention was unaware of the rules of electronic

     notification, thus of the case management conference and later the Order to Show Cause, does
12

13   not constitute a mistake and/or excusable neglect sufficient to justify a reversal of the court's

14   dismissal. Any contrary ruling will only encourage Plaintiff to continue operating with lack of

15   diligence in prosecuting his client's cases in federal court and other courts in the hopes of

16   getting a second bite of the apple through section 60(b) and similar statutes. For this reason,

17   Plaintiff's claim of mistake and excusable neglect should be rejected and his motion denied.

18

19   **B.    Opposing counsel's duty to inform Plaintiff's counsel of**
            **upcoming court dates**

20
         Plaintiff adamantly asserts throughout his motion that he has been diligently
21
     prosecuting his case and the fact that he missed the case management conference and thus
22
     failed to respond to the court's Order to Show Cause, was due to bad faith actions by
23
     Defendant. This claim is unfounded and denied. The fact that Plaintiff failed to review the
24
     court's rules, especially given by his own admission that he had not practiced in federal court
25

26   for more than ten years is nothing short of negligent. Had he taken the necessary time to

27   educate himself of court requirements, a simple enough task, Plaintiff would have been

28                                              4.

informed. The responsibility of legal counsel to acquaint himself with the rules required for successful prosecution of a case cannot be shifted to his opponent. As such, Plaintiff's attempt at shifting that burden fails.

Plaintiff admits in his declaration that he received notice of the case management conference by mail. The court's proof of service confirms this fact. Nevertheless Plaintiff states that he did not have the opportunity to read the documents submitted by the court because his secretary after calendaring the dates filed the papers away so he was not aware of their contents. Here, Plaintiff admits to having *two* sources from which he was capable of learning of the case management conference—the notices mailed by the court and his calendar. He failed to check either.

According to Plaintiff, because his secretary in the performance of her duties prevented him from reading the documents that were sent to him by the court, he charges Defendant with the duty of informing him of the case management conference and the subsequent Order to Show Cause. Thus per Plaintiff's twisted logic Defendant is burdened with the duties of informing himself of the Court's calendar as well informing Plaintiff.

First, an attorney has no duty to inform opposing counsel of the schedule of hearings in a case.[4] Secondly, Defendant had no way of knowing Plaintiff's whereabouts, his ignorance of the case management conference, his reason for not attending, or of his ignorance of the issuance of the Order to Show Cause. Defendant in diligently prosecuting his own case was aware of all dates of appearances in the case and all significant deadlines and does not expect the additional burden of having to keep Defendant informed.

Plaintiff in his motion quotes this court's order requiring service of the order by *plaintiff*

---

[4] *Bateman v. United States Postal Service*, 231 F.3d 1220, 123 (9th Cir 2000).

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION, CASE NO. C07-06335 EDL

6/19/08 (25069) #304272.1

"to immediately serve all parties with a copy of the order." Thus Plaintiff in his own motion admits that informing other parties of the case management conference was *his* duty and not that of Defendant, a duty which he failed to fulfill. Consequently Defendant, in diligent prosecution of his case, was informed of all relevant dates enabling Defendant to respond in accordance with the court's orders.

In his Memorandum of Points and Authorities, Plaintiff cites *Bateman v. United States Postal Service*[5] to support his argument that it was Defendant's duty to inform him of the case management conference and the Order to Show Cause. *Bateman* can be differentiated from the instant case.

In *Bateman*, the court held that since defendant's counsel had *prior knowledge* of plaintiff's counsel's absence it had a duty of candor to the court to inform the court of the absence rather than take advantage of that absence. In that case, the defendant, the United States Postal Service (USPS), brought a motion for summary judgment even though it had prior knowledge that plaintiff's counsel had an emergency and would not be able to attend the hearing. There was clear communication by plaintiff's counsel to opposing counsel of his whereabouts with a specific request to delay filing of the motion for summary judgment.

In *Bateman* the court held:

> "Counsel for the Postal Service may have no legal duty to inform
> the court of [plaintiff's counsel's] absence; however, they clearly
> knew that [he] would be away for a significant amount of time.
> In the interest of fairness to their adversary and candor to the
> court, they should have disclosed this fact when asking the court
> to grant the motion for summary judgment as unopposed ..."

Here, at issue is Plaintiff's counsel's absence at a case management conference and his

---

[5] Id. at 123, n. 2 (9th Cir 2000).

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF
PROSECUTION, CASE NO. C07-06335 EDL

6/19/08 (25069) #304272.1

subsequent failure to respond to the court's order resulting in the dismissal of the case. Plaintiff's absence, unlike that of the plaintiff in *Bateman* was not a pre-arranged absence, but merely one resulting from failure to diligently prosecute his case.

Moreover, contrary to Plaintiff's claim that there was constant communication with Defendant, communication between the two parties was limited to a few calls between Plaintiff and William Adams, one mediation conference call in which Sharron Gelobter participated and a series of emails among Plaintiff, Defendant's counsel and mediator Mr. Michael Sobel regarding the pending mediation.

In all those communications the only mention of the court action was regarding dates by which the mediation needed to be completed. (At Plaintiff's own admission, he viewed the mediation and the court case as almost separate actions thus he erroneously assumed that the court action was stayed during the mediation process.) Additionally, Plaintiff mistakenly claims that Defendant's post-case management conference "communications" with him failed to inform him of the Order to Show Cause and thus constitutes bad faith on Defendant's part. This claim is vehemently denied. Defendant communicated by email shortly after the case management conference with mediator Michael Sobel to inform him of the Defendant's availability to attend the mediation on which Plaintiff was copied. Therefore, Defendant did not communicate directly with Plaintiff, and only did so after the judgment was issued and that communication was in response to Plaintiff's inquiry.

Further, Defendant had no previous knowledge of Plaintiff's unavailability for the case management conference, his whereabouts, nor his failure to keep abreast of the status of his case. Defendant therefore did not assume the burden of informing Plaintiff of information that he should have been aware of if he were truly diligently prosecuting his case.

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION, CASE NO. C07-06335 EDL

6/19/08 (25069) #304272.1

### C.    What constitutes excusable neglect

Plaintiff claims that his failure to sign up for electronic receipt of relevant documents or alternatively, to read the documents he received by mail or to check the dates calendared by his secretary are innocent mistakes and thus constitute excusable neglect.  In *Pioneer Investment Services Co. v. Brunswick Associated Lt. Partnership*,[6] the Supreme Court instituted a four part test in determining the definition of "excusable neglect."  This test has been adopted by the Ninth Circuit.  In order to determine whether a moving party is eligible for relief from a judgment under Rule 60(b)(1) the court looks at:

1.   The danger of prejudice to the non-moving party;
2.   The length of the delay and its impact upon the judicial proceedings;
3.   The reasons for the delay and whether it was in the movant's control;
4.   Whether the moving party's conduct was in good faith.

### 1.    Prejudice to the non-moving party and delay

While there may be no prejudice per se to Defendant if the court grants relief from the dismissal, there is likewise no prejudice to Plaintiff if relief is not granted since the case was dismissed without prejudice.  Plaintiff is thus not prevented from re-filing the case.

Additionally Plaintiff is correct in asserting that there has not been significant delay in responding to the dismissal by filing the motion to vacate the judgment because Plaintiff filed the motion soon after the judgment was ordered.

Therefore, the issue at hand is whether the movant's conduct was in good faith.

### 2.    Good faith of moving party's actions

Plaintiff claims that his actions were in good faith continually citing his diligent prosecution of the case.  Nevertheless, from the beginning of this case Plaintiff has not been as engaged as he claims.  Plaintiff points out in his moving papers that removal of the case to

---

[6] 507 U.S. 380 (1993).

8.

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION, CASE NO. C07-06335 EDL

6/19/08 (25069) #304272.1

federal court by the Defendant was essentially what caused his failure to appear at the case management conference and subsequent failure to respond to the Order to Show Cause because he was not familiar with federal court procedures. Thus by his own admission, Plaintiff was then required in his diligent prosecution of the case to familiarize himself with the federal court rules. He failed to do so.

Plaintiff subsequently characterizes Defendant's removal of the case as chicanery. Nevertheless, regardless of Plaintiff's characterization, in removing the case, Defendant served Plaintiff with removal papers that contained explicit instructions of court procedures. If Plaintiff had taken the time to read the contents of the removal packet, he would have learned all the procedures necessary for successful prosecution of his case in federal court.

Rather than taking responsibility for his failure, Plaintiff shifts the blame to opposing counsel and his secretary accusing the former of bad faith and actions to gain tactical advantage over him. Defendant in the mean time has done everything required in diligently prosecuting his case including serving all relevant papers, responding to all the court's orders, communicating with Defendant and participating in mediation. In fact, Plaintiff's claim that Defendant refused to cooperate in submitting a joint case management statement is erroneous. Defendant informed Plaintiff of the progress being made in crafting the draft joint case management statement and that once it was complete, Defendant would submit the draft to Plaintiff for review and input. Defendant thus submitted the draft to Plaintiff a few days before Plaintiff chose to submit a separate case management statement, once again failing to comply with court rules.

9.

DEFENDANT'S OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION, CASE NO. C07-06335 EDL

6/19/08 (25069) #304272.1

1    In effect, Plaintiff's failure to comply with the requirements of the federal court, his

2    lack of diligent representation of his client and subsequently blaming his failure on opposing

3    counsel constitute bad faith and resulted in his case being dismissed.  Plaintiff's failures are

4    significant, thus should not be overlooked and his motion not granted.

5

6    **III.    CONCLUSION**

7    For the foregoing reasons, Defendant respectfully request that Plaintiff's motion to

8    vacate be denied.

9

10   Date:    June /9, 2008                           Respectfully submitted,

11                                                    FITZGERALD, ABBOTT & BEARDSLEY, LLP

12                                                    By_____

13                                                    Sharron Williams Gelobter
                                                      Attorneys for Defendant
14                                                    Peter Tsakanikas

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      10.