NICK T. RECKAS (SBN 67235)
Law Office of Nick T. Reckas
336 Bon Air Center, #296
Greenbrae, CA 94904
Telephone: (415) 464-0913
Facsimile:  (415) 464-9801
e-mail: nreckaslaw@aol.com
Attorney for Plaintiff
SPYROS ECONOMIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPYROS ECONOMIDES,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER TSAKANIKAS,<br><br>    Defendant. | Case No.: C 07-06335JSW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES FILED IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**<br><br>Date:         August 15, 2008<br>Time:        9:00 a.m.<br>Judge:       Hon. Jeffrey S. White<br>Courtrm.:  2<br>Trial Date: None set |

## I. INTRODUCTION

Defendant's opposition to plaintiff's Motion to Vacate Judgment of Dismissal for Want of Prosecution amply demonstrates why the court should exercise its discretion and grant the motion. First, defendant's contention that the applicable test for the exercise of the court's discretion is "exceptional circumstances" as stated in *Waggoner v. R. McGray, Inc.* 743 F.2d 643 (9th Cir. 1984) ignores the fact that the rule in this case has been superseded by the rule stated in the subsequent case of *Pincay v. Andrews* 389 F.3d 853, 855 (9th Cir. 2004).  Second, plaintiff has met all four of the

requirements stated in *Pincay* to establish his right to relief from the order of dismissal for "excusable neglect" including the requirement that plaintiff acted in good faith.

## II. ARGUMENT

### A. PLAINTIFF IS NOT REQUIRED TO SHOW "EXCEPTIONAL CIRCUMSTANCES" IN ORDER TO BE ENTITLED TO RELIEF UNDER RULE 60 (b)(1)

Although the defendant acknowledges at the end of his brief that the controlling law concerning the application of Federal Rule of Civil Procedure 60(b)(1) is stated in *Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993) as interpreted by the Ninth Circuit in *Pincay v. Andrews* 389 F.3d 853, 855 (9th Cir. 2004) (DMPA, pg. 8:4-12), he nevertheless asserts at the beginning of his brief that this motion should be denied because the plaintiff has failed to meet the requirement stated in an earlier case, *Waggoner v. R. McGray, Inc.* 743 F.2d 643 (9th Cir. 1984). Defendant contends that *Waggoner* requires a showing of "exceptional circumstances" to justify relief from a final judgment or order. (DMPA, p.2:9-10). However, *Waggoner* is simply not applicable because it has been superseded by *Pincay*. In addition, *Waggoner* was decided under Rule 60(b)(6) which provides that a judgment or order may be vacated for "any other reason justifying relief from the operation of the judgment." Of course, plaintiff's motion has been filed under Rule 60(b)(1) which provides for relief from a judgment or order due to a party's "mistake, inadvertence, surprise, or excusable neglect." Furthermore, it is a good assumption that, based on existing law when *Waggoner* was decided, the movant could not meet the requirements of Rule 60(b)(1) and therefore sought relief under Rule 60(b). This is not the case here.

//

//

REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL

B.  **PLAINTIFF HAS MET ALL FOUR OF THE *PINCAY* REQUIREMENTS TO SHOW THAT HE IS ENTITLED TO RELIEF FROM THE JUDGMENT OF DISMISSAL**

1.  **DEFENDANT ADMITS THAT PLAINTIFF HAS MET THREE OF THE FOUR *PINCAY* REQUIREMENTS FOR GRANTING THIS MOTION**

As discussed in the plaintiff's opening brief there are four factors for the court to consider under Rule 60(b)(1) in determining whether relief from this judgment is appropriate due to the plaintiff's "excusable neglect." These factors are: (a) prejudice to the defendant; (b) length of delay in bringing this motion; (c) the reason for any such delay, and (d) whether plaintiff's conduct, although negligent, was done in good faith. (PMPA at pgs. 2:22-3:1). This is a balancing test where the court is required to take all four factors into consideration to determine whether a party's conduct is "excusable." *Pincay v. Andrews* 389 F.3d 853, 860 (9th Cir. 2004). Defendant has expressly admitted that plaintiff has met the first three of the above requirements. (DMPA, pg. 8:12-21).

2.  **PLAINTIFF DID NOT WILLFULLY DISOBEY THE COURT'S ORDERS**

The only *Pincay* element that is contested by the defendant is whether plaintiff acted in good faith as opposed to willfully disobeying this court's orders. In this regard defendant has completely failed to make any showing that plaintiff's actions were not, as plaintiff contends, the product of a real mistake or were done by plaintiff to gain some tactical advantage over the defendant. Indeed, it is difficult to fathom what tactical advantage could possibly be gained by plaintiff allowing his case to be dismissed. Therefore, the only conclusion that can be drawn to explain plaintiff's actions is that his failure to prosecute the case before Judge White resulted from "a real mistake, rather than one feigned for some tactical reason…". This is particularly true whereas here, defendant has not pointed to any advantage that was gained by plaintiff as a result of his failure to prosecute the case.

Willful disobedience requires that plaintiff and/or his counsel have knowledge of the court's order. *Castro v. Board of Educ. of City of Chicago*, 214 F.3d 932, 935 (7th Cir. 2000). In this case, plaintiff's failure to comply with the court's case management conference order and order to show cause resulted from plaintiff's unwitting failure to register with the court's electronic case filing ("ECF") system. Although this conduct may be characterized as being negligent, it certainly was not willful because the plaintiff did not have actual knowledge of Judge White's two orders. (Reckas Supp. Affid., ¶4). Indeed, with the exception of these two orders, the record shows that plaintiff complied and/or attempted to comply (to the extent he was not prevented from complying by the defendant) with every order issued by the court:

(a) Pursuant to the standing order of Magistrate LaPorte, plaintiff "met and conferred" with opposing counsel on March 4, 2008 regarding initial disclosures, settlement, ADR process selection and other topics relating to this case. (Reckas Affid., ¶5, Gelobter Decl., ¶5);

(b) Pursuant to Magistrate LaPorte's standing order, on March 4, 2008 plaintiff's counsel timely agreed to file a Joint ADR Certification with stipulation to the ADR process. (Reckas Supp. Decl., ¶ 2, Ex. A attached thereto);

(c) Between March 4, 2008 and March 18, 2008, plaintiff's counsel attempted to obtain the defendant's cooperation to file a joint case management statement and was unsuccessful in doing so for the reasons chronicled in his declaration filed in support of this motion. (Reckas Affid., ¶5-7; Gelobter Decl., ¶5-7);

(d) While on trial in another matter, plaintiff's counsel engaged the services of William E. King to attend the initial case management conference which the court had set to be held before Magistrate LaPorte on March 25, 2008; (Reckas Affid., ¶9).

(e) At all times, plaintiff's counsel was in constant contact and cooperated with the mediator appointed by the court to complete the mediation within the time parameters ordered by the court. (Reckas Affid., ¶12).

The foregoing chronology of events amply demonstrates that plaintiff's counsel did not willfully disobey any order of the court and would have fully complied with Judge White's orders if he had been aware of them. Indeed, even the defendant concedes that plaintiff's failure to comply with the court's orders resulted from his counsel's negligence and not from any willful disobedience on counsel's part. (DMPA, pg. 4:7-8).

Consequently, the four-part test announced in *Pioneer* and *Pincay* is fully satisfied and for this reason, the court should exercise its discretion and grant the motion.

### C. DEFENSE COUNSEL DID NOT COMPLY WITH THE ORDERS OF THE COURT REQUIRING SUBMISSION OF A JOINT CASE MANAGEMENT CONFERENCE STATEMENT APPARENTLY FOR TACTICAL REASONS

While plaintiff did not intentionally disobey the orders of this court in order to obtain a tactical advantage over the defendant, the same cannot be said for the defendant. Assuming that the defendant's position that his counsel did not have a duty under the rules of professional conduct to inform plaintiff's counsel of upcoming court dates so that he could have avoided dismissal of the action is correct, the defendant *did* have a duty to obey the orders of this court even if in doing so the defendant would have had to advise plaintiff's counsel of the orders of this court which he did not receive due to his failure to register with the ECF system. Specifically, the court's dismissal of the action was based, in part, on "the parties [failure] to file a joint case management conference statement." (Reckas Affid., Ex. E, Order of Dismissal dated May 7, 2008).

On March 27, 2008, after the case had been reassigned to Judge White, the court issued an order setting a case management conference on April 25, 2008 and requiring a joint case

management conference statement to be filed by the parties. The order specifically provided that "the parties shall file a joint case management conference statement no later than **five (5) court days** prior to the conference." (Emphasis in original) (Gelobter Decl., Ex. C). Clearly, under the express terms of the court's order, defendant and his counsel were required to communicate with plaintiff's counsel to prepare the joint statement. Furthermore, had they done so, plaintiff's counsel would have learned of the order and complied with its requirements. Yet, despite the order's requirement that the parties file a joint case management statement five court days prior to the CMC, defendant's counsel never contacted plaintiff's counsel to prepare the joint statement. (Reckas Supp. Affid., Ex. B, Reporter's Transcript, pg. 2:10-25).

When defendant's counsel was asked by the court at the case management conference hearing why a joint statement had not been prepared and submitted to the court, she stated:

"Ms. Gelobter: According to the lead counsel on this case from my office, we didn't need to submit one." (Reckas Supp. Affid., Ex. B, pg. 3:21)[1].

Of course, the question may be asked: "Did defense counsel intentionally refrain from contacting plaintiff's counsel to gain some tactical advantage over plaintiff?" If not, what was the reason why they did not contact plaintiff's counsel to prepare a joint statement as ordered by the court?

In any event, regardless of the circumstances, counsel for defendant played a very important role in plaintiff's failure to file a joint case management statement as required by both Magistrate LaPorte's order and the order issued by Judge White. (Reckas Affid., ¶¶ 5-7; Reckas Supp. Affid., Ex. B, Reporter's Transcript, pg. 2:10-25).

---

[1] In her declaration filed in opposition to this motion, Ms. Gelobter provides a different explanation why her office did not file a joint statement: "I did not submit a C.M.C. assuming that since the initial Case Management Conference had been rescheduled the original CMS would suffice for the new Case Management Conference." (Gelobter Decl., ¶19).

### III.   CONCLUSION

As noted, the Supreme Court in *Pioneer* announced a four-part test to determine whether a party's neglect is "excusable" within the meaning of Rule 60(b)(1).  Plaintiff has satisfied all four elements.  Defendant has not pointed to any prejudice that he will suffer if the court were to vacate the dismissal and reinstate the action on its docket.  Additionally, defendant has conceded that the motion for relief was timely brought.  Finally, there is no evidence that plaintiff intentionally allowed his case to be dismissed to gain some tactical advantage over the defendant.  On the other hand, the defendant failed to comply with the orders of this court in order to obtain a tactical advantage over the plaintiff.  Under these circumstances, the court should grant this motion.

Respectfully submitted,

DATED: June 25, 2008            LAW OFFICES OF NICK T. RECKAS


By:_____
    NICK T. RECKAS
    Attorney for Plaintiff

REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT OF DISMISSAL

**PROOF OF SERVICE**

I declare that: I work in the County of Marin, California. I am over the age of eighteen years and not a party of the within entitled cause.

On June 26, 2008, I served the attached:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES FILED IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE JUDGMENT OF DISMISSAL FOR WANT OF PROSECUTION**

on the parties herein in said cause via the following means:

[X]   FIRST CLASS MAIL – I placed sealed, postage prepaid envelopes in First Class Mail for delivery in said city, addressed as follows:

[ ]   OVERNIGHT MAIL – (Federal Express) I placed sealed, postage prepaid envelopes in Overnight Mail for delivery in said city, addressed as follows:

[ ]   FACSIMILE TRANSMISSION – I delivered them by electronic facsimile transmission to the following individuals:

[X]   E-MAIL – by placing a true copy thereof into PDF format and forwarding via e-mail to the following individuals:

William E. Adams, Esq.
Sharron Williams Gelobter, Esq.
Fitzgerald Abbott & Beardsley LLP
1221 Broadway, 21st Flr.
Oakland, CA  94612
wadams@fablaw.com
sgelobter@fablaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 26, 2008, at San Rafael, California.

_____
Suzanne Gamlen