080425JSWHITEAFTERNOON0RECKASF[1]

Pages 01 - 06

United States District Court

Northern District of California

Before The Honorable Jeffrey S. White, Judge

| | |
|---|---|
| Spyros Exonomides,<br><br>        Plaintiff,<br><br>vs.<br><br>Peter Tsakanikas,<br><br>        Defendant. | No. C 07-6335 JSW |

San Francisco, California
Friday, April 25, 2008

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:       Nick T. Reckas
                      336 Bon Air Center, Suite 296
                      Greenbrae, California 94904
              By:  Nick T. Reckas, Esquire
                      (Not present at hearing)

For Defendant:      Fitzgerald Abbott & Beardsley LLP
                      1221 Broadway, 21st Floor
                      Oakland, California 94612
              By:  Sharron S K Williams Gelobter, Esquire

Reported By:        Sylvia J. Russo, Pro Tem Reporter
                      U.S. District Court
                      For the Northern District of California

(Computerized Transcription By Eclipse)

2

1                      Friday, April 25, 2008 2:15 p.m.
2         P R O C E E D I N G S
3                          *****

EXHIBIT B

```
                    080425JSWHITEAFTERNOON0RECKASF[1]
 4            THE CLERK:  Calling Case Number C-07-6335.  Spyros
 5   Exonomides versus Peter Tsakanikas.
 6            Counsel, please step forward and state your
 7   appearances.
 8            MR. GELOBTER:  Good afternoon, your Honor.
 9            Sharron Gelobter for Mr. Tsakanikas.
10            THE COURT:  All right.  Have you been in contact
11   with the plaintiff's counsel?
12            MR. GELOBTER:  We have back and forth, your Honor.
13   We've had a mediation teleconference call.  And there's some --
14   we're experiencing a hitch with our client right now because
15   he's in Greece undergoing some medical procedures and has a
16   bedridden mother, so he has some issues.  And we've been trying
17   to set the mediation dates.
18            THE COURT:  All right.  So you've been dealing
19   Mr. Reckas?
20            MR. GELOBTER:  Mr. Reckas.
21            THE COURT:  From Greenbrae?
22            MR. GELOBTER:  Correct.
23            THE COURT:  Did you discuss the case management
24   conference with him?
25            MR. GELOBTER:  We didn't.
                                                                3

 1            THE COURT:  You didn't.
 2            MR. GELOBTER:  Because we're in the middle of the --
 3   we've tried to connect with our client, and nothing has really
 4   happened.
 5            THE COURT:  All right.  Well, so I guess that
 6   explains, you know, why -- does that explain why I shouldn't
 7   presumably know why there's separate case management
 8   conferences in violation of -- statements in violation of the
                             Page 2
```

Exhibit B

080425JSWHITEAFTERNOON0RECKASF[1]

9 Court's requirements?

10          MR. GELOBTER: Well, we submitted a joint case
11 management statement to Mr. Reckas, and he decided that he did
12 not want to join us in that statement. So we didn't submit
13 anything. We submitted something from the last case management
14 conference.

15          THE COURT: Oh, I see. And the one I have is the --
16          MR. GELOBTER: It's from the previous case
17 management conference.

18          THE COURT: And why wasn't one submitted for this
19 one?

20          MR. GELOBTER: According to the lead counsel on this
21 case from my office, we didn't need to submit one.

22          THE COURT: Well, that's not true. You ought to
23 tell that lawyer that everyone requires a supplemental to
24 update the Court. You don't have to repeat what's in here.
25 That's incorrect information. Because I have no idea what's

                                                            4

1 going on in the case. I'm hearing it from you, but I can't
2 plan the case -- plan management conference.

3          So is the defendant asking for any action by the
4 Court?

5          MR. GELOBTER: The defendant is not, your Honor.
6          THE COURT: Are you discussing mediation?
7          MR. GELOBTER: We're discussing mediation right now.
8          THE COURT: All right. What's the status of those
9 discussions?

10          MR. GELOBTER: We're stalled. He's in Greece. It's
11 hard to communicate with him. We had one conference call with
12 him last week. And we're trying to get dates out of him where
13 he can come to the U.S. to connect with mediation. But because

Exhibit B

080425JSWHITEAFTERNOONORECKASF[1]

14 of the surgery and the mother, we're hoping to get a date from
15 him next week.
16          THE COURT: All right. Well, what I'm going to do
17 is I'm going to set -- I'm going to send you all to mediation
18 and require that you complete it in 120 days. That gives you
19 four months to get your client here, and he's got to litigate
20 his case.
21          So, Ms. Ottolini, let's get a date on that.
22          THE CLERK: Is it court mediation?
23          THE COURT: No. This is through the ADR department.
24          THE CLERK: August 25, 2008.
25          THE COURT: So August 25 -- what?

                                                               5

1           MR. GELOBTER: I want to say, your Honor, that we've
2 already been ordered to mediation. The mediator has been
3 selected.
4           THE COURT: Oh, I thought you said you're stalled.
5           MR. GELOBTER: Well, we haven't been able to set a
6 date for mediation. That's why we're stalled.
7           THE COURT: All right. Well, that's what I'm doing
8 right now, setting a date for it to be completed within 120
9 days. So that would require -- and give you some leverage with
10 your client and say we've got to finish this in four months.
11 And, you know, even though he's the defendant, he still has to
12 participate in the lawsuit, cooperate. And then I'm going to
13 order a further case management conference after that.
14          Ms. Ottolini.
15          THE CLERK: September 19th at 1:30 p.m.
16          THE COURT: All right. And if the case settles,
17 obviously we won't have that conference. If it doesn't, then
18 you need to file a supplemental statement telling me what's

Exhibit B

080425JSWHITEAFTERNOONORECKASF[1]

19 going on as far as settlement is concerned. For instance, I'll
20 need time for dates, for discovery completion, and experts,
21 trial, all those things that should have been in this
22 statement. And I expect both sides to meet and confer and
23 follow the rules as far as joint meeting and joint statement.
24           As far as the plaintiff failing to file a --
25 participating in filing a joint statement and failing to show

6

1 up, I'm going to issue an order to show cause why the case
2 should not be dismissed pursuant to Rule 41 and the Court's --
3 power for disobeying this Court's orders and for failure to
4 prosecute in both instances. And I will give the plaintiff an
5 opportunity to purge the order to show cause. But I don't
6 count on these people not showing up here and participating
7 because I can't handle the case without both parties being
8 before me.
9           So I'm only left with a hand-fisted procedure of
10 sanctions, which I will -- and dismissal of the case if this
11 continues. So that's what I'm going to do.
12           It's not your fault, Counsel. You're here. But you
13 do need to talk to your client about -- I understand there's
14 illnesses and there's travel and he -- the defendant's not a
15 plaintiff, but he does need to participate. As long as the
16 Court has jurisdiction over it, he needs to participate in the
17 lawsuit and his interests, and he has you as counsel, so he can
18 participate through you. All right.
19           Anything further, Counsel?
20           MR. GELOBTER: That's it, your Honor.
21           THE COURT: All right. Thank you very much. Have a
22 good weekend.
23                 (Concluded @ 2:25 p.m.)

Exhibit B

```
                    080425JSWHITEAFTERNOON0RECKASF[1]
24                           ---oOo---
25
```

CERTIFICATE OF REPORTER

    I, Sylvia J. Russo, Pro Tem Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Sylvia J. Russo
Monday, June 9, 2008