IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SPYROS ECONOMIDES,

    Plaintiff,

v.

PETER TSAKANIKAS,

    Defendant.

No. C 07-06335 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT**

Now before the Court is the motion of plaintiff Spyros Economides to vacate the Court's order dated May 7, 2008 dismissing the action. Having carefully reviewed Plaintiff's papers and opposition from Defendant, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion. The Court finds the present motion appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). Therefore, the hearing date of August 15, 2008 at 9:00 a.m. is HEREBY VACATED.

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than one year after judgment was entered. The rule "guides the balance between the overriding goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (citing *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)). This rule fashions the balance by limiting the reasons upon which relief from judgment may be granted and by

setting the time by which a party may seek relief, while also providing district courts "with discretion within those limits to undo the finality of judgments in order to reach the merits of questions that have been decided wrongly or not at all." *Id.*

Plaintiff's counsel has demonstrated sufficient facts to establish his mistake and inadvertence for his failure to appear at the case management conference on April 25, 2008. The failure to register with the Court's electronic case filing system after this case was removed by Defendant from state court constitutes excusable neglect. Plaintiff had, until that juncture, diligently prosecuted this case by "meeting and conferring" with opposing counsel on March 4, 2008, and attempting to file a joint case management statement. Although the Court admonishes counsel to follow all court orders and to work effectively with opposing counsel to prepare filings for the Court, in the interests of resolving this case on the merits, the Court HEREBY VACATES the order dated May 7, 2008 dismissing the case. *See* Fed. R. Civ. P. 60(b).

The Clerk shall reopen the file and the parties should work expeditiously toward moving the case forward. To that end, this Court hereby sets the case management date for September 19, 2008 at 1:30 p.m. The parties shall file a joint case management statement by no later than September 12, 2008, proposing all case-related deadlines including for completion of mediation.

**IT IS SO ORDERED.**

Dated: June 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE